UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DAVID ANDREW SCHLENKERT,

    Movant,

v.                                          Case No.: 2:03-cr-20
                                            HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

    Respondent.

_____/

**REPORT AND RECOMMENDATION**

Movant David Andrew Schlenkert was convicted on April 19, 2004, after a guilty plea to interstate transportation of a stolen vehicle, 18 U.S.C. § 2312, and possession of a stolen firearm, 18 U.S.C. § 922. Movant was sentenced to 84 months in prison and $92,271.00 in restitution with his co-defendant jointly and severally. Movant never filed an appeal of his conviction. Movant filed this action under 28 U.S.C. § 2255 raising the following claims:

> I. Ineffective assistance of trial counsel. 1. Failing to investigate, 2. failing to file a timely appeal. The defendant was fruit of an unconstitutional confession of his alleged co-defendant, and defendant requested his trial attorney to file an appeal, which he never did.
>
> II. The defendant's trial counsel was, and is, a member of the Federal Public Defender's Office who represented the defendant alleged co-defendant who had, and has, serious differing interests.
>
> III. Cumulative effect of trial counsel's errors seriously affected the outcome of the proceedings.

Movant was represented by Assistant Federal Public Defender Paul J. Denenfeld. Movant's co-defendant was represented by attorney Paul Peterson. Attorney Peterson was not a

member of the Assistant Public Defender's Office at the time of his representation of movant's co-defendant, but was in private practice.[1] Movant, from May 2001 until his arrest, traveled around the United States committing various crimes with co-defendant Robert Counterman. On July 7, 2001, movant and Counterman stole a mobile home which they used to travel around the country. The duo began burglarizing cabins and other buildings. Movant and Counterman sold the stolen items at flea markets across the country. The couple stole a second motor home in Ohio. On June 25, 2003, Counterman, while driving the motor home, was pulled over for speeding in Marquette County, Michigan. Movant was also in the motor home at the time of the traffic stop, but fled into a nearby forested area to escape arrest. Counterman was arrested because it was determined that the motor home was stolen. Counterman confessed to the crimes and implicated movant. Movant was able to escape from police initially. He continued his crime spree, and was eventually arrested in Georgia on November 11, 2003.

Movant was indicted by a grand jury on September 16, 2003. A plea agreement was made between the United States Attorney's Office and movant. Movant agreed to plead guilty to two counts of the indictment and two counts would be dismissed. Movant never directly appealed his conviction. On April 8, 2005, movant filed this motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255.

Respondent has asserted that movant procedurally defaulted these claims because he failed to present them on direct appeal. Clearly, movant could have raised these claims on direct appeal. Movant has blamed his attorney for failing to file an appeal. Movant may maintain his habeas claim only if he can first demonstrate either that "cause" and "actual prejudice" existed to

---

[1] Paul Peterson is now an Assistant Public Defender. Paul Denenfeld no longer works as an Assistant Public Defender.

- 2 -

excuse his failure to raise the issues on direct appeal, or that "the constitutional error asserted 'has probably resulted in the conviction of one who is actually innocent.'" *Luster v. United States*, 168 F.3d 913, 914 (6th Cir. 1999) (*citing Bousley v. United States*, 523 U.S. 614, 1611 (1998)).

Movant has asserted that his counsel failed to file an appeal and failed to raise these issues. To prevail on an ineffective assistance of counsel claim, a convicted defendant must demonstrate (1) that counsel's errors were so serious that counsel was not functioning as counsel guaranteed by the Sixth Amendment, and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 688-96 (1984). Stated another way, this court is to decide whether movant's trial counsel's alleged failures were such egregious errors as to constitute ineffectiveness and whether the alleged failures were materially prejudicial. The Sixth Circuit has explained:

> The question for reviewing courts is whether counsel's errors have likely undermined the reliability of, and confidence in, the result. *Lockhart v. Fretwell*, 113 S.Ct. 838, 842-43 (1993). "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the [ultimate] judgment." *Strickland*, 466 U.S. at 691, *quoted in Smith v. Jago*, 888 F.2d 399, 404-05 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). In evaluating petitioner's claim, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. "Counsel is constitutionally ineffective only if performance below professional standards caused the defendant to lose what he otherwise would probably have won." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (*en banc*), *cert. denied*, 113 S. Ct. 2969 (1993). Thus, the determinative issue is not whether petitioner's counsel was ineffective but whether he was so thoroughly ineffective that defeat was "snatched from the jaws of victory." *See id.*

*West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996).

Movant claims that his counsel failed to file a notice of appeal. Respondent has asserted that movant never requested that attorney Denenfeld file a notice of appeal. Movant had the appeal papers in his possession but never filed them. Movant acknowledged, on April 21, 2004, that he had received an appeal packet  The day after sentencing, on April 20, 2004, attorney Denenfeld wrote plaintiff a letter confirming their conversation that movant did not want to appeal his conviction and sentence. The letter stated:

> Per our discussion of the issues after your sentencing, I will not be filing a Notice of Appeal in your case. As I explained to you, any Notice of Appeal would need to be filed within 10 days after the entry of Judgment, which was entered on April 19, 2004.
>
> If you have any questions or concerns, please contact me.

Movant claims that he changed his mind and actually requested that his counsel file a notice appeal. Movant has submitted a letter that he allegedly sent to counsel, dated April 24, 2004, requesting that an appeal be made regarding restitution and regarding statements made by his co-defendant. However, it is clear that counsel did not err by failing to file a notice of appeal. Movant has failed to show that he requested counsel to file a timely notice of appeal, and has also failed to explain why he was unable to file the notice of appeal himself if he felt that issues needed to be raised on appeal. Moreover, movant has failed to show that he had any issue of merit to appeal. Movant pleaded guilty. There exits nothing in the record to establish that movant's plea was involuntary. *See Brady v. United States*, 397 U.S. 742, 749 (1970). Movant may not raise independent claims that occurred prior to his valid guilty plea. *Tollett v. Henderson*, 411 U.S. 258 (1973). As explained by the Supreme Court:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense

>with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards [of effective assistance of counsel].

Id. at 266-67. Movant cannot show that his plea was involuntary. Movant's guilty plea prevents movant from raising claims that occurred prior to his plea.

Movant claims that his co-defendant's confession, which implicated movant, was a product of coercion. Movant claims counsel was ineffective for failing to challenge the confession of movant's co-defendant. However, movant's counsel could not successfully challenge the confession of movant's co-defendant because movant lacked standing to contest the confession. *Alderman v. United States*, 394 U.S. 165, 171-172 (1969); *United States v. Shaffner*, 524 F.2d 1021 (7th Cir. 1975) (Defendant lacks standing to argue that co-defendant's rights were violated during confession for purpose of excluding evidence against defendant).

Similarly, movant's claim of a conflict of interest is factually incorrect. Movant claims that his counsel and his co-defendant's counsel both worked for the Public Defender's Office at the time of their representation. Movant was represented by Paul Denenfeld who did work with the Public Defender's Office. Movant's co-defendant was represented by Paul Peterson, who had a private practice at the time of his representation of movant's co-defendant. There existed no conflict of interest and no basis for the court to conclude that a conflict of interest occurred in this case. Movant's claims of error clearly fail on the merits. Movant has failed to overcome his procedural default of the issues presented in this case.

Movant has also filed a motion to compel the United States Attorney to comply with the terms of movant's plea. Movant claims the United States Attorney was to give movant's

cooperation with ATF agents a "good faith evaluation." Movant claims that after he was sentenced in this case, he helped ATF agents in Richmond, Virginia, set up a controlled buy and sell of stolen guns. Movant also testified in a murder trial against Brain Laws. Movant asserts that the United States Attorney's Office breached the agreement to seek reduction in movant's sentence as a result of movant's substantial cooperation. The plea agreement provided:

> <u>Possibility of Sentence Reduction Motions.</u> The U.S. Attorney's Office agrees to make a good faith evaluation of the Defendant's cooperation under this agreement in determining whether to file a motion for reduction of sentence pursuant to Sentencing Guidelines 5k1.1 and Rule 35(b) of the Federal Rules of Criminal Procedure. The Defendant fully understands that such a motion may be made pursuant to law if, and only if, the Defendant fully cooperates with the Government and materially and substantially assists the Government in the investigation or prosecution of others. The determination of whether the Defendant has provided substantial assistance to the United States, or to designated state or local law enforcement authorities, will be made in the sole discretion of the U.S. Attorney's Office. The Defendant fully understands that this paragraph is not a promise by the Government to file such a motion, but rather, a promise to use good faith in evaluating the Defendant's assistance to the Government in the prosecution of others to determine whether a motion should be filed. Additionally, the Defendant understands that, even if such a motion were filed, the Court has complete discretion to grant or deny the motion. Furthermore, if the court were to grant the motion, the Court has complete discretion to determine how much of a sentence reduction the Defendant will receive based upon the nature and extent of the Defendant's assistance. The Defendant acknowledges and agrees that he may not appeal the Court's exercise of its discretion in granting or denying a motion for departure or reduction of sentence, if such a motion is made.

The government asserts that movant apparently provided some information to ATF agents in Michigan prior to his sentencing date. The government more recently learned of movant's assistance regarding the matter in Virginia and the prosecution of Brian Laws. According to the government, movant is still scheduled to testify in the Laws case. The government states that it will evaluate the

nature and extent of movant's cooperation to determine whether it would be appropriate to file a motion under Fed. R. Crim P. 35(b)(2) for downward departure after movant's cooperation is complete. Therefore, it is appears that movant's motion for reduction of sentence is premature at this time.

Accordingly, it is recommended that the court dismiss movant's motion to vacate, set aside, or correct sentence (docket # 32) and deny movant's motion to compel the United States Attorney to comply with the terms of movant's plea (docket # 40).

In addition, if movant should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the movant in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if movant has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of movant's claims under the *Slack* standard.

The undersigned recommends that the court deny movant's application on procedural grounds of default. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The undersigned concludes that reasonable jurists could not debate that each of movant's claims are properly dismissed on for procedural default. Movant failed to show cause and prejudice for his procedural default "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the movant should be allowed to proceed further." *Id.* Therefore, the undersigned recommends that the court deny movant a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten days of your receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR. 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal of those issues or claims addressed or resolved as a result of the Report and Recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: October 7, 2005